# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR SHABAZZ,<br><br>       Plaintiff,<br><br>   v.<br><br>GEORGE J. GIURBINO, et al.,<br><br>       Defendants. | Case No. 1:11-cv-01558-LJO-SAB<br><br>ORDER SCREENING COMPLAINT AND DISMISSING PLAINTIFF'S CLAIMS, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>ECF NO. 1 |

**I.**

**INTRODUCTION**

Plaintiff Amir Shabazz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983, the Religious Freedom Restoration Act and the Religious Land Use and Institutionalized Persons Act. Plaintiff filed the original complaint in this action on September 15, 2011. (ECF No. 1.)

For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims. The Court will dismiss Plaintiff's claims, with leave to amend.

**II.**

**SCREENING**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.

### PLAINTIFF'S COMPLAINT

The events described in Plaintiff's complaint took place while he was incarcerated at Pleasant Valley State Prison in Coalinga, California. Plaintiff names George J. Giurbino ("director, division of adult institution's[sic]"), R.H. Trimble (warden), R. Fisher, Jr. (associate warden), W.K. Myers (community resource manager) and B. Farkas (correctional food manager) as defendants in this action (all defendants collectively referred to as "Defendants").

///

Plaintiff contends that Muslim inmates at Pleasant Valley State Prison are denied Halal meals for breakfast, lunch and dinner and that Muslim inmates are discriminated against in terms of the meal accommodations provided to Muslim inmates compared to Jewish inmates. Plaintiff contends that prison officials violated his rights under the Eighth Amendment, Fourteenth Amendment, the Religious Freedom Restoration Act ("RFRA") and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

The factual allegations in Plaintiff's complaint are vague and inconsistent. For example, Plaintiff alleges that Muslim inmate at PVSP are served a "religious meat alternative program/vegetarian diet option" instead of being served a Halal-specific diet. (Compl. 9.[1]) On the other hand, Plaintiff complains that Defendants caused the integrity of Halal meat to be "compromised" because prison officials failed to comply with the Halal requirement that a qualified Muslim oversee each stage of food preparation. (Compl. 9-10.) Plaintiff's allegation that inmates receive a vegetarian meal option is not consistent with his allegation that the Halal meat was "compromised." If Muslim inmates were receiving vegetarian meals, they would not contain meat.

Although not referenced in the factual allegations in his complaint, Plaintiff attached a number of administrative appeals and responses to his complaint as exhibits. (Compl., Ex. B.) The administrative appeals indicate that Plaintiff complained to PVSP prison officials that Muslim inmates are only given a Halal meat option for dinner and are required to eat the "religious meat alternative program/vegetarian diet option" for breakfast and lunch. Plaintiff further complained that Jewish inmates were given Kosher meal options for all three meals and were not required to eat the vegetarian option as Muslim inmates are required to do.

Plaintiff alleges that one particular inmate was fired after he informed the supervising cook about a "[H]alal violation." (Compl. 10.) Plaintiff contends that his Eighth Amendment rights were violated because he is not provided with nutritionally adequate meals that meet his religious requirements. (Compl. 10.)

---

[1] Citations to Plaintiff's complaint referred to the page numbers as electronically docketed in PDF format, not the page numbers that appear on the bottom of the page because the complaint as a whole is inconsistently numbered.

Plaintiff also alleges that prison officials discriminate against Muslim inmates because Jewish inmates are provided with Kosher meals whereas Muslim inmates are not provided with Halal meals.

## IV.

## DISCUSSION

### A. Multiple Plaintiffs/Class Action

Plaintiff attempts to file his complaint on behalf of multiple plaintiffs, as the second page of the complaint identifies 25 additional plaintiffs. (Compl. 2.) Moreover, it appears Plaintiff attempts to bring a class action as the caption to the complaint identifies the act as a "CLASS ACTION SUIT." (Compl. 1.)

However, this Court's Local Rule 131(b) requires all pleadings to be signed by the parties presenting them. The complaint is only signed by Plaintiff, with no indication that the 25 individuals identified within the complaint consented to their inclusion in this action.

Moreover, in this Court's experience, an action brought by multiple pro se and incarcerated plaintiffs presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities and institutions, the changes in address when inmates are released from prison, and the limited ability of incarcerated inmates to communicate with each other. Further, the need for all plaintiffs to coordinate and agree on the filings made in this action and the requirement that all filings include the original signatures of all plaintiffs will lead to further delay and confusion. Accordingly, the Court will not allow this action to proceed on behalf of multiple plaintiffs and will require each plaintiff to file his own separate lawsuit.

Finally, Plaintiff may not prosecute this action as a class action. A pro se litigant may not appear as an attorney representing the interests of others. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987); see also Welch v. Terhune, 11 Fed. Appx. 747 (9th Cir. 2001). Accordingly, this action will proceed solely as an individual action brought by Plaintiff Amir Shabazz.

/ / /

**B.     RLUIPA Claims**

Plaintiff contends that the dietary policies at PVSP violated RLUIPA and RFRA.[2] RFRA was declared unconstitutional as applied to the states by the Supreme Court in City of Boerne v. Flores, 521 U.S. 507 (1997). The RFRA only applies to actions by the federal government. 42 U.S.C. § 2000bb-3(a); see also Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418, 423 (2006). Since Plaintiff does not name any federal defendants in this action, Plaintiff's RFRA claims are not cognizable.

RLUIPA provides, in pertinent part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. In order to state a claim for violation of RLUIPA, a plaintiff must demonstrate that the defendants substantially burdened the exercise of his/her religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005).

Plaintiff's complaint fails to state any cognizable RLUIPA claims because it is unclear how Defendants imposed a substantial burden on Plaintiff's religious exercise. Plaintiff alleges that KVSP prison officials did not provide a Halal meat option at meals and instead provided a vegetarian option for Muslim inmates, while simultaneously alleging that KVSP prison officials did provide a Halal meat option that was "compromised" because a qualified Muslim did not oversee the preparation process. These two sets of allegations are inconsistent.

Judging by the content of the administrative appeals attached as exhibits to Plaintiff's complaint, Plaintiff's chief complaint is that Muslim inmates are treated differently than Jewish inmates because Jewish inmates are provided with Kosher meal accommodations for breakfast,

---

[2] Monetary relief is not available in RLUIPA actions because RLUIPA does not effect a waiver of state officials' sovereign immunity under the Eleventh Amendment. Sossamon v. Texas, 131 S.Ct. 1651, 1660 (2011); Alvarez v. Hill, 667 F.3d 1061, 1063 (9th Cir. 2012). Accordingly, Plaintiff's RLUIPA claims are limited to seeking equitable relief such as an injunction or declaratory relief. Alvarez, 667 F.3d at 1063-1066.

lunch and dinner, whereas Muslim inmates are provided with a vegetarian meal for breakfast and lunch and only receive Halal meal accommodations including meat for dinner.

It is unclear whether Plaintiff complains about the vegetarian meal option because it violates his religious beliefs or because if Plaintiff complains about the vegetarian meal option because it does not include Halal meat. The latter scenario generally does not violate Plaintiff's rights under RLUIPA. In Shakur v. Schriro, 514 F.3d 878, 888-889 (9th Cir. 2008), a Muslim inmate similarly complained that prison officials burdened his religious exercise by failing to serve a Halal meat diet and instead serving a vegetarian meal that was otherwise consistent with Halal practices. The Ninth Circuit held that those facts do not constitute a substantial burden unless the inmate can prove facts that demonstrate that the vegetarian meal caused adverse health effects or somehow put significant pressure on inmates to abandon their religious beliefs. Neither scenario applies in this case. Plaintiff's complaint does not include any clear factual allegations explaining how the vegetarian meal option served at breakfast and lunch violates his religious beliefs, how it adversely affected Plaintiff's health[3], or put significant pressure on Plaintiff to abandon his religious beliefs.

Based on the foregoing, Plaintiff's complaint fails to state any claims under RLUIPA.

### C.    Equal Protection Clause Claims

Plaintiff contends that KVSP prison officials discriminate against Muslim inmates because they provide Kosher meal accommodations to Jewish inmates for breakfast, lunch and dinner while only providing Halal meat options for dinner. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). In the prison context, "the Equal Protection Clause entitles each prisoner to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'" Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008) (quoting Cruz v. Beto, 405 U.S. 319, 322 (1972)).

---

[3] Plaintiff alleged, in conclusory fashion, that the meal accommodations were not nutritionally adequate, but did not allege any specific adverse health consequences that he suffered as a result. Since there is no indication that Plaintiff suffered any adverse physical effects from the dietary accommodations, the Court disregards Plaintiff's conclusory allegation as inadequately supported by facts that plausibly demonstrate the nutritional inadequacy of the meals provided at PVSP. See Iqbal, 556 U.S. at 678-79.

1  However, an Equal Protection claim will fail if the difference in treatment is reasonably related
2  to legitimate penological interests.  Id.

3      Plaintiff's complaint fails to state a cognizable Equal Protection claim because Plaintiff
4  does not allege facts that precisely demonstrate how Muslim inmates were treated less favorably
5  than Jewish inmates.  Plaintiff alleges that Jewish inmates were given Kosher meal
6  accommodations for breakfast, lunch and dinner whereas Muslim inmates were given the
7  vegetarian meal accommodation for breakfast and lunch and the Halal meat option for dinner.
8  These allegations, in and of themselves, are insufficient to state an Equal Protection violation.
9  The provision of different meal accommodations is presumably a product of the fact that Jewish
10 dietary requirements are different from Muslim dietary accommodations.  Critically, Plaintiff
11 fails to allege any facts that demonstrate that the Muslim dietary accommodations are less
12 favorable in any way than the Jewish dietary accommodations.  Plaintiff does not contend that
13 the Jewish dietary accommodations are in any tangible way "better" than the Muslim dietary
14 accommodations.  Cf. Shakur, 514 F.3d at 891-92 (recognizing possible Equal Protection
15 violation where Muslim inmate alleged that Jewish meal accommodations included Kosher meat
16 whereas Muslim meal accommodations were vegetarian).  Critically, in this case, Plaintiff does
17 not allege that Jewish inmates are given Kosher meals which include meat at breakfast or lunch.

18     Plaintiff fails to allege any facts showing that the Muslim meal accommodations are
19 demonstrably inferior to the Jewish meal accommodations.  Accordingly, Plaintiff fails to state
20 any claims under the Equal Protection Clause.

21     **D.    Eighth Amendment Claims**

22     Plaintiff contends that his rights under the Eighth Amendment were violated.  To
23 constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
24 conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman,
25 452 U.S. 337, 347 (1981).  "[A] prison official violates the Eighth Amendment only when two
26 requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious.'"
27 Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted).  Second, "a prison official must
28 have a 'sufficiently culpable state of mind.'  [Citations.]  In prison-conditions cases that state of

7

mind is one of 'deliberate indifference' to inmate health or safety." Id. A prison official acts with "deliberate indifference" if:

> the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837.

Plaintiff fails to allege sufficient facts to support an Eighth Amendment violation. Plaintiff does not allege any facts describing how the meals at PVSP are nutritionally inadequate. Plaintiff does not allege that he suffered any adverse physical health consequences as a result of the meals. Moreover, it is unclear whether Plaintiff contends that the meals at PVSP are nutritionally inadequate solely because PVSP does not provide meat to Muslim inmates for breakfast and lunch.

Additionally, Plaintiff fails to allege any facts that plausibly support the conclusion that any of the individuals named as defendants in this action acted with deliberate indifference. Plaintiff does not allege any facts that support the conclusion that any of the Defendants were actually aware of the alleged nutritional inadequacy of the meals provided to Muslim inmates. Accordingly, Plaintiff fails to state any cognizable Eighth Amendment claims against any of the Defendants.

**V.**

**CONCLUSION AND ORDER**

For the reasons set forth above, the Court finds that Plaintiff's complaint fails to state any cognizable claims. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678. "The inquiry into causation must be individualized and focus on

the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, dated September 15, 2011, is dismissed for failure to state a claim upon which relief may be granted;
3. If Plaintiff wishes to amend, he must file an amended complaint within **thirty (30) days** from the date of service of this order; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 10, 2013**

UNITED STATES MAGISTRATE JUDGE

9