**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMIR SHABAZZ, | ) Case No.: 1:11-cv-01558-LJO-SAB (PC) |
|          Plaintiff, | ) |
| | ) FINDINGS AND RECOMMENDATIONS |
|     v. | ) REGARDING DEFENDANT'S MOTION TO |
| | ) DISMISS |
| GIURBINO, et al., | ) |
| | ) [ECF No. 23] |
|          Defendants. | ) |
| | ) |

Plaintiff Amir Shabazz is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.

## PROCEDURAL HISTORY

This action is proceeding on Plaintiff's First Amended Complaint against Defendants Giurbino Director of California Department of Corrections and Rehabilitation (CDCR)), Trimble (Warden at Pleasant Valley State Prison (PVSP)), Fisher (Associate Warden at PVSP), Myers (Community Resource Manager), and Farkas (Correctional Food Manager) for violation of Plaintiff's rights under the free exercise clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act.

///
///

1

Plaintiff contends that Defendants served him vegetarian meals instead of Halal meals at breakfast and lunch, in violation of religious beliefs, and treated Jewish prisoners more favorably than Muslim prisoners by providing Jewish with three Kosher meals containing meat each day.

On May 23, 2014, Defendants filed a motion to dismiss the complaint on the following grounds: (1) Plaintiff does not allege facts describing each Defendant's role in the alleged constitutional violations; (2) Plaintiff cannot maintain a RLUIPA claim against Defendants; (3) liability based on Defendants' participation in the prison administrative grievance process is not actionable; and (4) Defendants are entitled to qualified immunity.  Plaintiff filed an opposition on June 26, 2014, and Defendants filed a reply on July 10, 2014.

## II.

### DISCUSSION

**A.     Motion to Dismiss for Failure to State a Cognizable Claim for Relief**

1.     <u>Legal Standard</u>

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  <u>Conservation Force v. Salazar</u>, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  <u>Daniels-Hall v. National Educ. Ass'n</u>, 629 F.3d 992, 998 (9th Cir. 2010); <u>Sanders v. Brown</u>, 504 F.3d 903, 910 (9th Cir. 2007); <u>Schneider v. California Dept. of Corr.</u>, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); <u>Conservation Force</u>, 646 F.3d at 1242; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, <u>Daniels-Hall</u>, 629 F.3d at 998; <u>Sanders</u>, 504 F.3d at 910; <u>Morales v. City of Los Angeles</u>, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any

doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

      B.      Defendants Personal Involvement in Alleged Violations

      Defendants argue that Plaintiff's First Amended Complaint does not allege facts showing how each Defendant was personally involved in causing or subjecting Plaintiff to suffer a constitutional deprivation.  The Court does not agree with Defendants' argument.

      "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ahscroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570.)  When reviewing a motion to dismiss, we "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam).  Where a plaintiff is proceeding pro se, the Court has an obligation to construe the pleadings liberally and afford the plaintiff the benefit of any doubt.  Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc).

      The Court does not agree with Defendants' argument that Plaintiff's First Amended Complaint does not allege facts showing how each Defendant was personally involved in causing or subjecting Plaintiff to the alleged constitutional violation.  Although Plaintiff references "Defendants" collectively in the First Amended Complaint, it is clear from the factual allegations set forth therein and the exhibits attached thereto, the basis for which Plaintiff seeks relief against each individual Defendant.

      As previously stated, Plaintiff names Defendants Giurbino Director of California Department of Corrections and Rehabilitation (CDCR)), Trimble (Warden at Pleasant Valley State Prison (PVSP)), Fisher (Associate Warden at PVSP), Myers (Community Resource Manager), and Farkas (Correctional Food Manager) for violation of Plaintiff's rights under the free exercise clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act.

1    In sum, Plaintiff contends that each named Defendant has provided only one Halal meal to

2  Muslim inmates such as Plaintiff and vegetarian meals at breakfast and lunch in violation of the

3  tenets of Al-Islam.  Whereas inmates of Jewish faith are provided three Kosher meals each day.

4    With regard to Giurbino, Director of CDCR, attached to Plaintiff's First Amended Complaint

5  is a copy of the First Level Appeal Response, Log Number: PVSP-C-11-00363, which states, in

6  pertinent part:

7    In your appeal you state you are challenging the California Department of Corrections
     and Rehabilitation (CDCR) regulations for the Religious Meat Alternate (RMA) Diet
8    Program as you believe the diet does not qualify as Halal.  You state this is not a true
     Halal Diet as participants are given vegetarian meals for breakfast and lunch with only
9    the Halal meat option for dinner.  You state this is discrimination as the Jewish Kosher
     diet provides Jewish Kosher food for all three meals and does not require them to
10   receive vegetarian meals for breakfast and dinner.  You state there should be more
     offerings of Halal meat options than what is currently being offered.  Finally, you state
11   the RMA meals do not provide inmates with a nutritionally balanced diet and non-
     Muslim staff and inmates handle the food.
12

13         . . .

14
     A review of your appeal was conducted which revealed the following information: On
15   March 18, 2010, George J. Giurbino, Director, Division of Adult Institutions, authored
     a memorandum regarding Approval of Food Service Regulations, Policy, and Forms.
16   In this memo, Director Giurbino informed staff the implementation of the RMA
     Program was to begin.
17

18   Additionally, Director Giurbino advised the Correctional Food Managers (CFM), that
     the RMA program is a religious diet program with a vegetarian option being served for
19   breakfast and lunch and that the vegetarian option for breakfast and lunch meets the
     Halal requirements.  When interviewed, B. Farkas, Correctional Food Manager, stated
20   the nutritional value of the RMA diet meets standards set by State/Federal guidelines.
     Also, Ms. Farkas stated the Halal Meat products are stored separately from other food
21   items; they are prepared first so there is no cross contamination with non-Halal food
     items and the Halal trays are prepared and are not on the food line with other non-Halal
22   food items.

23
     Based on the above information, your appeal is being partially granted at the First
24   Level of Review as W. K. Myers, CRM (A), and the CDCR does not discriminate
     against Muslim inmates.  Additionally, Halal foods are being purchased, stored,
25   prepared and served in a method acceptable to Halal standards.  The other regulation
     changes requested are not granted at this level of review.
26

27

28

4

(Amd. Compl. at 19-20.)  This appeal was signed by Defendants W.K. Myers and R. Fisher Jr.  (Id. at 20.)

At the second level of review of the inmate appeal, it was noted that "[a]n investigation of [Plaintiff's] appeal issues reveals PVSP is in compliance with the CCR, Title 15, DOM, and memorandum dated March 18, 2010,  authored by George Giurbino, Director, Division of Adult Institutions, entitled "Approval of Food Service Regulations, Policy, and Forms" regarding RMA and the Vegetarian Diet Program (VDP)."  (Amd. Compl. at 22.)  The appeal was denied and signed by R.H. Trimble, Warden.  (Id. at 23.)

The policy identified and upheld by all the named Defendants is at the heart of Plaintiff's complaint regarding the Religious Meat Alternative Program, and these Defendants were personally involved in the alleged constitutional violations, by way of inmate grievance (see discussion infra section D), and Defendants' motion to dismiss should be denied.

C.   Monetary and Injunctive Relief Under RLUIPA

1.   Claims Barred Under RLUIPA

Defendants contend that monetary damages cannot be recovered under the RLUIPA in both their official and personal capacities.  Defendants contend that as to the official capacity suits, states retain Eleventh Amendment immunity from damages under RLUIPA.  Sossamon v. Texas, 131 S.Ct. 1651, 1663 (2011).  A suit against a state official in his or her official capacity is a suit against the state.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  Thus, Plaintiff's RLUIPA claim for damages against Defendants in their official capacities is barred by the Eleventh Amendment.   In addition, Plaintiff cannot obtain injunctive relief against individuals under RLUIPA. Wood  v. Yordy, No. 12-35336, 2014 WL 246575, at *4 (9th Cir. June 3, 2014).

2.   Substantial Burden Requirement to Support RLUIPA Claim

Defendants argue that Plaintiff has failed to demonstrate that they substantially burdened the exercise of his religious beliefs.  Warsolider v. Woodford, 418 F.3d 989, 994-995 (9th Cir. 2005).  The Ninth Circuit has recognized "that adverse health effects from a prison diet can be relevant to the substantial burden inquiry.  Shakur v. Schriro, 514 F.3d 878, 889 (9th Cir. 2008).   In Shakur, the

1   Ninth Circuit recognized that "adverse health effects from a prison diet can be relevant to substantial

2   burden inquiry." Id. at 889 (citation omitted).

3          The issue in this case is whether plaintiff was denied "food sufficient to sustain [him] in good

4   health and satisfy the dietary laws of [his] religion." McElyea v. Babbit, 833 F.2d 196, 198 (9th Cir.

5   1987).  Plaintiff contends as a Muslim inmate he was only provided one Halal meal at dinner and

6   provided a vegetarian meal breakfast and lunch, instead of a Halal breakfast and lunch as required by

7   his Al-Islam faith.  Plaintiff further contends that inmates of Jewish faith are provided three Kosher

8   meals a day.  Plaintiff also alleges that by forcing Muslim inmates, such as himself, to eat two

9   vegetarian meals and one Halal meal a day is a "deliberate indifference" to the tenants of Al-Islam, a

10  deliberate violation of Qur'anic Injunction, Mandates of the Qur'an to every Muslim to follow the

11  sunna (i.e. practices, teachings and doings of Prophet Muhammad (peace and blessings be upon him)

12  who said in the Authentic Hadith (i.e. verified recorded practices of the Prophet Muhammad (peace

13  and blessings upon him): 'I eat meat, whoever does not eat meat is not of my Ummah (i.e. Muslim

14  Community)." (Amd. Compl. at 4-5.)

15          Plaintiff further alleges "that in moderation, lean meats can provide significant health benefits,

16  from preventing vitamin and mineral deficiencies and boosting immunity to building stronger blood."

17  (Amd. Compl. at 9.)  Plaintiff further contends that the denial of sufficient meats deprived inmates,

18  such as Plaintiff, of important nutrients such as iron, zinc and vitamin B-2 deficiencies.  (Amd. Compl.

19  at 9-11.)  The Court finds that Plaintiff has alleged the dietary policy constituted a substantial burden

20  because he had to either eat two vegetarian meals that was disruptive to his religious activities, choose

21  to get a regular diet forbidden by his religion, or change his religious designation to Jewish simply to

22  obtain the desired Kosher meat meals.  Accordingly, Defendants' motion to dismiss should be denied.

23          D.       Participation in Inmate Grievance Process

24          Defendants Farkas, Fisher, Myers, and Trimble argue they should be dismissed because their

25  liability appears to be based on their involvement in the inmate appeals process.

26          Defendants are correct insofar as inmates lack a separate constitutional entitlement to a specific

27  prison grievance procedure.  However, Defendants' citation and argument of these cases to support the

28  finding that liability may never be based on a defendant's involvement of the appeals process

6

regarding the alleged constitutional violation is misplaced.  In <u>Mann v. Adams</u>, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held simply that "[t]here is no legitimate claim of entitlement to a grievance procedure."  <u>Id.</u> at 640 (citations omitted).  In <u>Ramirez v. Galaza</u>, 334 F.3d 850 (9th Cir. 2003), the Ninth Circuit recognized that there is no liberty interest in the processing of inmate appeals and no separate constitutional entitlement to a specific prison grievance procedure.  <u>Id.</u> at 860.   In his first amended complaint, Plaintiff alleges that he filed administrative appeals with each Defendant in which he maintained that he was not being provided an appropriate diet to comply with his religious beliefs.  The grievance procedure is the method by which the Defendants were notified of the alleged constitutional violation regarding the denial of an adequate diet to meet his religious beliefs, which they failed to remedy.  Based on the allegations in the complaint coupled with the notice provided by the administrative appeals, the Court finds, as stated in the prior screening order, that Plaintiff has stated a cognizable claim against Defendants Farkas, Fisher, Myers, and Trimble for subjecting him to conditions in violation of the violation of Plaintiff's rights under the free exercise clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act.  Accordingly, Defendants' motion to dismiss on this ground should be denied.

#### E.     Qualified Immunity

Defendants argue they are entitled to qualified immunity, which shields government officials from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known."  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982).  "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," <u>Pearson v. Callahan</u>, 555 U.S. 223, 231, 129 S.Ct. 808 (2009), and it protects "all but the plainly incompetent or those who knowingly violate the law," <u>Malley v. Briggs</u>, 475 U.S. 335, 341, 106 S.Ct. 1092 (1986).  "[T]he qualified immunity inquiry is separate from the constitutional inquiry" and "has a further dimension." <u>Estate of Ford v. Ramirez-Palmer</u>, 301 F.3d 1043, 1049-50 (9th Cir. 2002) (citing <u>Saucier v. Katz</u>, 533 U.S. 194, 205, 121 S.Ct. 2151 (2001)) (internal quotation marks omitted).  "The concern of the

immunity inquiry is to acknowledge that reasonable mistakes can be made. . . .”  Estate of Ford, 301 F.3d at 1049 (citing Saucier at 205) (internal quotation marks omitted).

In resolving a claim of qualified immunity, courts must determine whether, taken in the light most favorable to the plaintiff, the defendant's conduct violated a constitutional right, and if so, whether the right was clearly established.  Saucier, 533 U.S. at 201; Mueller v. Auker, 576 F.3d 979, 993 (9th Cir. 2009).  While often beneficial to address in that order, courts have discretion to address the two-step inquiry in the order they deem most suitable under the circumstances.  Pearson, 555 U.S. at 236, 129 S.Ct. at 818 (overruling holding in Saucier that the two-step inquiry must be conducted in that order, and the second step is reached only if the court first finds a constitutional violation); Mueller, 576 F.3d at 993-94.

A qualified immunity defense is generally not amenable to dismissal under Rule 12(b)(6) because facts necessary to establish this affirmative defense generally must be shown by matters outside the complaint.  See Morley v. Walker, 175 F.3d 756, 761 (9th Cir. 1999).  A dismissal on grounds of qualified immunity on a Rule 12(b)(6) motion is not appropriate unless it can be determined “based on the complaint itself, that qualified immunity applies.”  Groten v. California, 251 F.3d 844, 851 (9th Cir. 2001); Rupe v. Cate, 688 F.Supp.2d 1035, 1050 (E.D. Cal. 2010) (denial of qualified immunity because could not be clearly determined on the face of complaint but stated the ground could be raised by way of motion for summary judgment).

Defendants misstate Plaintiff's allegations in his first amended complaint.  Defendants reference and cite to the beginning sentence of Plaintiff's first amended complaint in which Plaintiff states that “[o]n or about February 28, 2011, Defendant[]s, and each of them, in compliance with a Federal Court Order stared serving Muslim prisoners incarcerated within the California Department of Corrections and Rehabilitation Halal meals in order to meet the Religious requirements of Muslim prisoners Qur'anic Injunction to eat only Halal foods (i.e. properly raised and slaughtered animals with the name of Allah pronounced over the animal at the time of slaughtering).”  (Amd. Compl. at 3.) Plaintiff goes on to allege that Defendants provided only one Halal meal to Plaintiff throughout his entire placement at Pleasant Valley State Prison, and provided a vegetarian breakfast and lunch to Plaintiff in place of a Halal meals as required by his Al-Islam faith.  Plaintiff further alleges that

despite failing to provide Muslim inmates with three Halal meals, during the same time frame, Jewish inmates were provided three Kosher meals.  (Id. at 4.)   Plaintiff reasons that Defendants substantially burdened the exercise of his Muslim religion by forcing him to violate his faith by consuming two vegetarian and non-Halal meals every day during his placement at PVSP.  (Id. at 6.)   Plaintiff further contends that he is being deprived of important nutrients found in meat, such as iron which causes various medical side-effects.   (Id. at 9.)

Thus, Plaintiff's allegations establish a prima facie showing of a substantial burden, and Defendants must demonstrate that such burden on Plaintiff's exercise of his religious beliefs was both in furtherance of a compelling governmental interest and the least restrictive means of furthering that compelling governmental interest.  "By its terms, RLUIPA is to be construed in favor of protecting an inmate's right to exercise his religious beliefs."  Warsoldier v. Woodford, 418 F.3d 989, 995 (9th Cir. 2005) (citing 42 U.S.C. § 2000cc-3(g)).

Defendants are not immune from suit simply because Plaintiff referenced an unidentified general court order which required Muslim inmates to receive Halal meals in order to meet their religious beliefs.  It is clearly established law, and was at the time of Plaintiff's allegations beginning February 28, 2011, that the First Amendment requires prison officials to provide a diet appropriate to the inmate's sincere religious belief, not one appropriate to the institution's determination of appropriate religious observance.  See Shakur v. Schriro, 514 F.3d at 884-885 (the Ninth Circuit specifically held that the failure to provide a kosher diet to a non-Jewish prisoner, if the inmate's sincere religious beliefs require such a diet, violates the First Amendment unless justified under Turner v. Safley, 482 U.S. 78, 89-90 (1987)).  Failure to provide a religiously appropriate diet must be justified by legitimate penological interests, as evaluated under the four-factor Turner test.  Id. at 884 (quoting Turner v. Safley, 482 U.S. at 89-90).

At this stage of the proceeding, this Court may consider only whether the facts as alleged in the first amended complaint plausibly state a claim and whether that claim asserts a violation of a clearly established right.  As found in the Court's January 14, 2014, screening order Plaintiff states a cognizable claim under the First Amendment, Equal Protection Clause, and RLUIPA.  It cannot be determined based on the face of the complaint itself that qualified immunity applies.  The

determination of whether Plaintiff's constitutional rights were violated and whether a reasonable official would have known by providing him two vegetarian meals and one Halal meal violated his religious beliefs hinges on further development of the facts.  Accordingly, Defendants' motion to dismiss based on qualified immunity should be denied.

       F.    <u>Plaintiff's Request for Judicial Notice</u>

Attached to Plaintiff's opposition brief as Exhibit A is a request for judicial notice under Rule 201 of the Federal Rules of Evidence.  (ECF No. 26, Opp'n at 13-34.)  Defendants oppose Plaintiff's request and move to strike the request.

Plaintiff seeks judicial notice of a memorandum dated November 25, 1996, of Imam Muhammad Shareef, Muslim Chaplain, at California Medical Facility-Vacaville.  The subject of the memorandum is "The Religious and Legal Foundations of Halaal Meats in Islam; the Methodology of Slaughter (addhakaat) and the Differences of Opinions Among the Muslim Scholars Concerning Lawful Meats."  (Opp'n at 14.)

Pursuant to  Federal Rules of Evidence 201(b), a Court may take judicial notice of facts that are not subject to reasonable dispute or can be "accurately and readily determined from other sources whose accuracy cannot be questioned."  Fed. R. Evid. 201(b).  The Court recommends to deny Plaintiff's request for judicial notice.  The Court cannot conclude that the information and facts set forth in the memorandum is "not subject to reasonable dispute."  <u>See, e.g.</u>, <u>M/V Am. Queen v. San Diego Marine Constr. Corp.</u>, 708 F.2d 1483, 1491 (9th Cir. 1983) ("As a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it.").  Thus, to the extent the contents of the memorandum are in dispute, the information set forth therein is not appropriate for judicial notice.  Moreover, the subject matter of the memorandum is not presently at issue and is not relevant to the determination of the instant motion to dismiss.  Accordingly, Plaintiff's request for judicial notice of the Memorandum authored by Imam Muhammad Shareef should be denied.

///

///

### III.

### RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that:

1.     Defendants' motion to dismiss Plaintiff's monetary claim against Defendants in their official capacity and claim for injunctive relief against the individual Defendants under RLUIPA be GRANTED and these claims be dismissed;

2.     Defendants' motion to dismiss be DENIED in all other respects; and

3.     Plaintiff's request for judicial notice be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 27, 2014**

UNITED STATES MAGISTRATE JUDGE

11