1

2

3

4

5

6

7

8                              **UNITED STATES DISTRICT COURT**

9                              **EASTERN DISTRICT OF CALIFORNIA**

10

11   AMIR SHABAZZ,                          )   Case No.: 1:11-cv-01558-LJO-SAB (PC)
                                            )
12                   Plaintiff,            )
                                            )   ORDER GRANTING DEFENDANTS'
13           v.                             )   MOTION TO STAY DISCOVERY PENDING
                                            )   RESOLUTION OF MOTION FOR SUMMARY
14   GIURBINO, et al.,                      )   JUDGMENT ON ISSUE OF EXHAUSTION
                                            )
15                   Defendants.           )   [ECF No. 46]
                                            )
16   _____)

17           Plaintiff Amir Shabazz is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19           This action is proceeding on Plaintiff's First Amended Complaint against Defendants Giurbino

20   Director of California Department of Corrections and Rehabilitation (CDCR)), Trimble (Warden at

21   Pleasant Valley State Prison (PVSP)), Fisher (Associate Warden at PVSP), Myers (Community

22   Resource Manager), and Farkas (Correctional Food Manager) for violation of Plaintiff's rights under

23   the free exercise clause of the First Amendment, the Equal Protection Clause of the Fourteenth

24   Amendment, and the Religious Land Use and Institutionalized Persons Act.

25           On April 6, 2015, Defendants Farkas, Fisher and Trimble filed a motion for summary

26   judgment for failure to exhaust the administrative remedies.

27   ///

28   ///

                                                    1

On June 12, 2015, Defendants filed a motion to stay discovery pending the motion for summary judgment relating to exhaustion of the administrative remedies.  Plaintiff did not file an opposition, and the motion is deemed submitted.  Local Rule 230(*l*).

The Court is vested with broad discretion to manage discovery.  <u>Dichter-Mad Family Partners, LLP v. U.S.</u>, 709 F.3d 749, 751 (9th Cir. 2013) (per curiam), cert. denied, 134 S.Ct. 117 (2013); <u>Hunt v. County of Orang</u>*e*, 672 F.3d 606, 616 (9th Cir. 2012); <u>Surfvivor Media, Inc. v. Survivor Prods.</u>, 406 F.3d 625, 635 (9th Cir. 2005); <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002).  Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery.  The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, <u>Little v. City of Seattle</u>, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue).  The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit.  <u>Albino v. Baca</u>, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc), cert. denied, 135 S.Ct. 403 (2014); <u>see also</u> <u>Gibbs v. Carson</u>, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

The failure to exhaust is an affirmative defense, and Defendants are entitled to judgment on Plaintiff's claim against him if the Court determines the claim is unexhausted.  <u>Albino</u>, 747 F.3d at 1166.  Thus, the pending exhaustion motion has the potential to bring final resolution to this action, obviating the need for merits-based discovery.  <u>Gibbs</u>, 2014 WL 172187, at *3.  In <u>Albino</u>, the Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later.  <u>Albino</u>, 747 F.3d at 1170.  To the extent that the non-moving party needs specific discovery to address issues raised in a dispositive motion, the non-moving party may seek redress by Federal Rule of Civil Procedure 56(d).  <u>Albino</u>, 747 F.3d at 1170-71; <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1115 n.7 (9th Cir. 2003) (overruled on other grounds by <u>Albino</u>, 747 F.3d at 1168-69).  Except for discovery related to whether Plaintiff failed to exhaust the administrative remedies, the parties are precluded from responding to any discovery requests or serving any discovery requests until the stay is lifted.  If the

parties have been served with discovery requests that do not relate to Plaintiff's exhaustion of administrative remedies, they shall retain the discovery for later consideration, if and until the stay has been lifted.

Accordingly, good cause having been shown, Defendants' motion to stay discovery relating to the merits of Plaintiff's claims is GRANTED and discovery is STAYED, as to the merits only until further order of the Court.  Fed. R. Civ. P. 26(c); Albino, 747 F.3d at 1170-1171.

IT IS SO ORDERED.

Dated:   **August 31, 2015**

_____
UNITED STATES MAGISTRATE JUDGE