UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR SHABAZZ,<br><br>    Plaintiff,<br><br>    v.<br><br>GIURBINO, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-01558-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES<br><br>[ECF No. 40] |

Plaintiff Amir Shabazz is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**RELEVANT HISTORY**

This action is proceeding on Plaintiff's First Amended Complaint against Defendants Giurbino Director of California Department of Corrections and Rehabilitation (CDCR)), Trimble (Warden at Pleasant Valley State Prison (PVSP)), Fisher (Associate Warden at PVSP), Myers (Community Resource Manager), and Farkas (Correctional Food Manager) for violation of Plaintiff's rights under the free exercise clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act.

1

On April 6, 2015, Defendants Trimble, Fisher, and Farkas[1] moved for summary judgment on the ground that Plaintiff failed to exhaust the administrative remedies.[2]  (ECF No. 40.)

On May 1, 2015, Plaintiff filed an opposition, and Defendants filed a timely reply on May 20, 2015.  (ECF Nos. 43, 44.)

## II.

## DISCUSSION

### A.  Motion for Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1).  The Court may consider other materials in the record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case.  In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial."  In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323).  This requires Plaintiff to "show more than the mere

---

[1] Defendants Giurbino and Myers do not move for summary judgment.

[2] Concurrently with their motion for summary judgment, Defendants served Plaintiff with the requisite notice of the requirements for opposing the motion.  Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 960-61 (9th Cir. 1998).

existence of a scintilla of evidence." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, (1986)).

However, in judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted). The Court determines *only* whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a pro se prisoner. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

**B.     Exhaustion under the Prisoner Litigation Reform Act**

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies is subject to a motion for summary judgment in which the Court may look beyond the pleadings. Albino, 747 F.3d at 1170. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

The California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. Prior to 2011, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15, § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c). Up to four levels of appeal may be involved, including the informal level, first formal level, second formal level, and third formal level, also known as the Director's Level. Tit. 15, § 3084.5. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201. On January 28, 2011, the inmate appeals process was modified and limited to three level of review with provisions allowing the first level to be bypassed under specific circumstances. Cal. Code Regs. tit. 15, § 3084.7.

"[E]xhaustion is not per se inadequate simply because an individual later sued was not named in the grievances." Jones v. Bock, 549 U.S. 199, 219 (2007). "The level of detail necessary in a grievance to comply with the grievances procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Id. In California, the courts have previously found that CDCR guidelines do not need to identify the defendants by name because the proper form and CDCR regulations do not require identification of specific individuals. See, e.g., Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005).

However, as of January 2011, inmates are required to list all staff members involved and describe their involvement, include only one issue or related set of issues per appeal, and "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, § 3084.2(a)(1)-(4) (Jan. 28, 2011). Furthermore, the inmate "shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment." Id. at § 3084.2(a)(4).

### C.     Allegations of Complaint

Plaintiff who is a Muslim prisoner alleges that on or about February 28, 2011, Defendants and the CDCR started serving Muslim prisoners vegetarian meals for breakfast and lunch through the

4

Religious Meat Alternate Program ("RMAP"). Shabazz complained that the RMAP's vegetarian meals did not meet the dietary requirements of his Islamic faith. He further complained that serving vegetarian meals to Muslim inmates were discriminatory because Jewish inmates, whose religious dietary requirements are similar to those of Muslims, receive Kosher meat options at every meal.

### D.   Statement of Undisputed Facts[3]

1. Plaintiff Amir Shabazz (V-87264) is a Muslim inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), who was housed at Pleasant Valley State Prison, in Coalinga, California ("PVSP") between February 28, 2011 and September 15, 2011. (ECF No. 1, Compl. at 1, 5; ECF No. 12, Am. Compl. ¶ 1; ECF No. 40-3, Decl. of J. Morgan ("Morgan Decl.") ¶ 5.)

2. Shabazz filed this lawsuit on September 15, 2011. (ECF No. 1 at 1.)

3. During all times relevant to this action, Defendant Fisher was an Associate Warden at PVSP. Fisher co-signed the first level response letter partially granting Appeal Log No. PVSP-C-11-00363. (ECF No. 12 at 20.)

4. During all times relevant to this action, Defendant Farkas was the Correctional Food Manager at PVSP. Farkas provided information about the nutritional value of the RMAP diet as well as the storage and preparation of halal meat products during investigation of Appeal Log No. PVSP-C-11-00363 at the first level of review. (ECF No. 12 at 19-20; Morgan Decl., Ex. B at 3, 5, 7, 9.)

5. Defendant Farkas did not sign any of the responses to Appeal Log No. PVSP-C-11-00363. (Morgan Decl., Ex. B at 13-17; ECF No. 40-2, Decl. of M. Voong ("Voong Decl."), Ex B. at 1-2.)

6. During all times relevant to this action, Defendant Trimble was the Acting Warden at PVSP. Trimble signed the second level response letter drying Appeal Log No. PVSP-

---

[3] Plaintiff neither filed his own separate statement of disputed facts nor admitted or denied the facts set forth by defendant as undisputed. Local Rule 56-260(b). Therefore, defendant's statement of undisputed facts is accepted except where brought into dispute by plaintiff's verified complaint and opposition. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

1 | | C-11-00363.  (ECF No. 12 at 24-25; Morgan Decl., Ex. B at 15-17.)
2 | 7. | Shabazz named Trimble when requesting third level review of Appeal Log No. PVSP-C-11-00363 and complained that Trimble did not investigate the appeal.  He did not identify Trimble as responsible for the RMAP.  (ECF No. 12 at 2.)
5 | 8. | Shabazz alleges in the Amended Complaint that on or about February 28, 2011, Defendants started serving Muslim prisoners vegetarian meals for breakfast and lunch as part of the RMAP.  (ECF No. 12 at ¶¶ 1, 2.)
8 | 9. | Shabazz contends in the Amended Complaint that the RMAP's vegetarian meals do not meet the dietary requirements of his Islamic faith.  (ECF No. 12 at ¶¶ 1, 5, 6, 8-10.)
10 | 10. | Shabazz contends that Defendants are discriminating against Muslims because Jewish inmates, whose Kosher diets are compatible with Islamic dietary requirements, receive meat products at breakfast and lunch.  (ECF No. 12 at ¶¶ 3, 4, 5, 7, 11, 13, 14.)
13 | 11. | CDCR had an administrative grievance process for inmates at all times relevant to the Amended Complaint.  (Morgan Decl. ¶ 6.)
15 | 12. | CDCR permits an inmate to appeal any policy, decision, action, condition, or omission by CDCR or its staff that the inmate can demonstrate as having a material adverse effect upon his health, safety, or welfare.  (Morgan Decl. ¶ 6; Cal. Code Reg. tit. 15, § 3084.1(a).)
19 | 13. | Prisoners must follow the administrative grievance procedures set forth in Article 8 of the Title 15, which includes sections 3084.1 through 3085.  (Morgan Decl. ¶ 6; Cal. Code Reg. tit. 15, § 3084.1.)
22 | 14. | CDCR's administrative inmate grievance process has had three levels of review since January 28, 2011.  (Morgan Decl. ¶ 7; Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7.)
24 | 15. | An inmate appeal is initiated by completing and submitting a CDCR Form 602 ("Form 602").  (Cal. Code Reg. tit. 15, § 3084.2.)
26 | 16. | To properly exhaust an administrative grievance, an inmate must pursue his appeals through all levels of the administrative exhaustion process, unless the inmate is excused from one of the levels under CDCR's administrative exhaustion procedures.  (Cal.

|   |     |   |
|---|---|---|
| 1 |     | Code Reg. tit. 15, §§ 3084.1(B), 3084.7.) |
| 2 | 17. | A final decision at the third level of review generally exhausts an inmate grievance. (Voong Decl. ¶ 3; Morgan Decl. ¶ 7.) |
| 4 | 18. | Shabazz knew about and utilized the administrative grievance process while at PVSP. (Morgan Decl. ¶¶ 8, 9.) |
| 6 | 19. | Appeal Log No. PVSP-C-11-00363 is the only appeal that Shabazz submitted for first or second level review between February 28, 2011 and September 15, 2011.  (Morgan Decl. ¶ 9 & Ex. A.) |
| 9 | 20. | Appeal Log No. PVSP-C-11-00363 was a group appeal in which Muslim inmates complained that the Religious Meat Alternate Program/Vegetarian Diet option, which served vegetarian meals at breakfast and lunch, did not meet his religious dietary requirements.  The appeal also complained that serving vegetarian meals to Muslims was discriminatory because Jewish inmates, whose religious dietary requirements are similar to that of Muslims, received Kosher meat options.  (Morgan Decl. Ex. B at 3, 5, 7, 9, 11, 12.) |
| 16 | 21. | Shabazz requested in Appeal Log No. PVSP-C_11-00363 that Defendants Myers and Giurbino stop discriminating against Muslims.  Myers and Giurbino are the only CDCR officials identified in the original appeal.  (Morgan Decl. Ex. B at 3, 5, 7, 9.) |
| 19 | 22. | Neither Farkas, Fisher, nor Trimble are identified or described in the original appeal for Appeal Log No. PVSP-C_11-00363.  (Morgan Decl. Ex B. at 3, 5, 7, 9.) |
| 21 | 23. | Nowhere in Appeal Log No. PVSP-C-11-00363 does Shabazz identify or otherwise describe Defendants Farkas, Fisher, or Trimble as responsible for the RMAP diet.  (Morgan Decl. Ex B; Voong Decl. Ex. B.) |
| 24 | 24. | Appeal Log No. PVSP-C-11-00363 was partially granted at the first level of review.  (Morgan Decl. ¶ 9, Exs. A, B at 13-13.) |
| 26 | 25. | Appeal Log No. PVSP-C-11-00363 was denied at the second level of review.  (Morgan Decl. ¶ 9, Exs A, B at 15-17.) |
| 28 | 26. | Only two appeals from Shabazz were submitted to the third level of review and |

1  adjudicated between February 28, 2011 and September 25, 2011.  Appeal Log No. PVSP-C-11-00363, also known as IAB No. 1022332, was the only one of the two appeals that addressed the RMAP and food services at PVSP.  (Voong Decl. ¶¶ 6-1, Exs A, B, C.)

27. Appeal Log No. PVSP-C-11-00363 was denied at the third level of review on August 25, 2011.  (Voong Decl. ¶ 9 & Ex. A.)

**E.     Analysis**

1.     <u>Appeal Log No. PVSP-C-11-00363</u>

The parties are in agreement that the only appeal relevant to this action is Log No. PVSP-C-11-00363, and therefore, the Court omits from discussion the substantively irrelevant appeals identified and addressed by Defendants in their motion..  (ECF No. 40, Motion at 2, 4, 7-8; ECF No. 40-3, Morgan Decl. ¶¶ 8-10; ECF No. 41, Opp'n at 1-3, Exs. A, B, C.)  The Court finds that Defendants met their initial burden with respect to Plaintiff's failure to exhaust CDCR's generally available administrative remedy process prior to filing this lawsuit; and for the reasons which follow, it finds that Plaintiff neither exhausted nor demonstrated that the remedy process was rendered effectively unavailable, entitling Defendants to judgment.  <u>Williams</u>, 775 F.3d at 1191; <u>Albino</u>, 747 F.3d at 1171-72.

Defendants Farkas, Fisher and Trimble move for summary judgment for failure to exhaust the administrative remedies because in appeal Log No. PVSP-C-11-00353, Plaintiff did not name Farkas, Fisher or Trimble in his original appeal.

Plaintiff argues that each of the Defendants had a reasonable opportunity to address and correct the denial of a proper Halal dietary meal.  Specifically, as to food manager, Defendant Farkas, Plaintiff argues that he offered a statement during an interview involving Plaintiff's first level appeal and wrongfully stated that Plaintiff was being provided the proper nutritional value under the RMAP.  As to Associate Warden, Defendant Fisher, Plaintiff contends that he was responsible for correcting the religious discrimination against Plaintiff but denied his appeal confirming the violations and failed to correct the problem.  As to Acting Warden, Defendant Trimble, Plaintiff contends that he reviewed

///

8

his appeal at the second level and a reasonable opportunity to grant the appeal but instead denied the appeal.

Plaintiff submits that his inmate appeal "clearly appraised" all of the Defendants "that Plaintiff was being religiously deprived of three Halal Meals and discriminated against from the Jewish Faith being provided three Kosher Meals while the Muslim Faith was being provide one Halal meal and being forced to violate their religion from eating two vegetarian meals." (ECF No. 41, Opp'n at 3.) Plaintiff argues that he provided fair notice to each and every Defendant and genuine issues of material facts exist.

Exhaustion requirements are designed to deal with parties who do not want to exhaust and who would prefer not to give the agency a fair and full opportunity to adjudicate their claims. Woodford v. Ngo, 548 U.S. 81, 90 (2006). For this reason, proper procedural and substantive exhaustion of administrative remedies is required, which demands compliance with an agency's deadlines and other critical procedural rules. Woodford, 548 U.S. at 90; Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014). Prisoners are required to "use all the steps the prison holds out, enabling the prison to reach the merits of the issue," Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing Woodford, 548 U.S. at 90).

Relevant here, the applicable prison regulations provide that inmates must list all involved staff members and describe their involvement; and inmates shall state all facts known regarding the issue being appealed. Tit. 15, § 3084.2(a)(3), (4). In addition, the regulations provide that "[a]dministrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the appellant that was not included in the originally submitted CDCR Form 602 (Rev. 08/09), Inmate/Parolee Appeal. . . ." Tit. 15, § 3084.1(b).

The Ninth Circuit previously adopted the *Strong* standard as "the standard of factual specificity required when a prison's grievance procedures do not specify the requisite level of detail," Griffin, 557 F.3d at 1120 (adopting standard articulated in Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)), and it applied that standard to California's state prison regulations in 2009, holding that an appeal "suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress." Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) (citing Griffin, 557 F.3d

at 1120) (internal quotation marks omitted).  However, California's prison regulations were amended in December 2010 and Sapp involved the previous, now-superceded regulations, Sapp, 623 F.3d at 819 (2002 inmate appeals), as did subsequent Ninth Circuit cases applying the *Strong* standard to California's regulations, Wilkerson v. Wheeler, 772 F.3d at 839); Akhtar v. Mesa, 698 F.3d 1202, 1211 (9th Cir. 2012); McCollum v. California Dep't of Corrs. & Rehab., 647 F.3d 870, 876 (9th Cir. 2011); see Parks v. Chappell, No. C-13-4048 EMC (pr), 2015 WL 3466280, at *3 (N.D.Cal. Jun. 1, 2015) (recognizing that Strong standard cases are distinguishable because they address the prior regulations).  At that time, the regulations required only a description of the problem and the action requested.  Plaintiff's appeal would have sufficed to exhaust the claims at issue in this action under that version of the regulations, but his appeal was submitted in July 2012 and it is subject to the current regulations.

The exhaustion requirement was enacted "to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  Porter v. Nussle, 534 U.S. 516 524-525 (2002); Cano v. Taylor, 739 F.3d 1214, 1219 (9th Cir. 2014); McKinney v. Carey, 311 F.3d 1198, 1200-1201 (9th Cir. 2002) (per curiam).  Thus, "[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation."  Griffin, 557 F.3d at 1120; see also Jones v. Bock, 549 U.S. at 219 (promotion of early notice to those who might later be sued not thought to be one of the leading purposes of exhaustion requirement) (citing Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004)).  However, as recognized by both the Supreme Court and the Ninth Circuit, "[t]he scope of [procedural and substantive exhaustion] depends on the scope of administrative remedies that the state provides," Wilkerson, 772 F.3d at 839 (citing Jones, 549 U.S. at 218), and the inquiry is now guided by more specific regulations than those at issue in Sapp and the cases that followed.

Here, the original appeal in Log No. PVSP-C-11-00353, did not name or identify Defendants Farkas, Fisher, and Trimble. (Morgan Decl., Ex. B. at 3, 5, 7, 9; Voong Decl. Ex. B.) Rather, Plaintiff's appeal complained of the following:

///

> The Islamic (Muslim) community at Pleasant Valley State Prison (Fac.#C) currently are being denied the dietary requirements: which are rooted in our religious beliefs. The Religious Meat Alternate Program/Vegetarian Diet option being served for breakfast and lunch does not provide additional Halal meat such as lamb, fish also "NO" vegetables such as cucumber, cabbage, squash, zucchini, lettuce, onions, celery shall be provided with our breakfast and lunch. [citation omitted] [T]hus, the failure to provide a special Religious diet for Muslims that consist of different Halal meats (lamb, fish) & vegetables/other Halal food items, portions that are served with all (3) three meals (daily) & rotated! Currently the Halal/Vegetarian diet option does not receive the same nutritious food that satisfies dietary rules of our religion. The Kosher (Hebrew) diet provides many vegetables, meat, and other food items, portions that are (Halal) such as lamb that [sic] permitted and/or allowed for Muslims. [T]herefore Mr. George J. Giurbino as the Director for Division of Adult Inst. Along with Wendy Myer CRM(A) are discriminating against the Islamic community here by not satisfying the dietary rules of our religion & treat us with the same respect and dietary meal foods as the "Kosher diet for the Hebrews" that is always well-balanced. Most Muslims I/m [sic] here at PVSP (fac C) are currently taking high blood pressure/cholesterol medication & have colon ailments that prohibits too much frequently served eggs, peanut butter, cheese, etc. that shall be only consumed moderately! So nutritious foods vegetables are warranted to satisfy our dietary rules just like the Hebrews!

(ECF No. 40-3, Ex. B-003 & 005.)

Plaintiff requested that the "Director, Division of Adult Institution and Wendy Myers cease the discrimination against the Islamic community (Muslim) in Facility C at PVSP and the Halal meat/Vegetarian option for our meals provide us with the same treatment as the Kosher meals…" (Id.)

Thus, it is evident from the appeal that Plaintiff named/identified only Defendants Giurbino and Myers. Plaintiff's argument that he identified Defendant Trimble by way of his request for third level review contending Trimble failed to review the appeal, is not sufficient to exhaust the administrative remedies because Trimble was not named in the original appeal and he was not identified as responsible for the RMAP. Moreover, to the extent Plaintiff argues that Defendants Fisher and Trimble are liable for constitutional violations based on their decisions in the administrative grievance process, and that Defendant Farkas is liable for statements made during the appeal process, Plaintiff is attempting to raise separate and distinct causes of action from the issues raised in appeal Log No. PVSP-C-11-00363-which should have been raised by way of a separate appeal. This action is proceeding strictly on Plaintiff's claim that "Defendants" enforced the RMAP which failed to provide Plaintiff a proper Halal meal and discriminated against by failing to do so. Yet, Plaintiff claims that

Defendants Farkas, Fisher, and Trimble violated his constitutional rights by their involvement in the appeals process which is a separate and distinct claim that was not exhausted. The requirement of a separate appeal is supported by California Code of Regulations, Title 15, Section 3084.1(b), which states: "Administrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the appellant that was not included in the originally submitted [appeal] and addressed through all required levels of administrative review up to and including the third level." Thus, a prisoner does not exhaust administrative remedies when he/she includes new issues from one level of review to another. See, e.g., Dawkins v. Butler, No. 09CV1053 JLS (DHB), 2013 WL 2475870, at *8 (S.D. Cal. 2013) (a claim made for the first time in plaintiff's request for third level review was insufficient to exhaust the issue where it was not included in the original appeal). Indeed, this appeal could not have grieved the actions by Defendants Farkas, Fisher, and Trimble, as their actions giving rise to alleged liability had not yet taken place at the time Plaintiff initiated his appeal on February 28, 2011. Accordingly, Defendants Farkas, Fisher, and Trimble are entitled to summary judgment for failure to exhaust the administrative remedies.

### 2. Exhaustion Requirement Not Excused

An inmate who fails to exhaust his administrative remedies may be excused from the exhaustion requirement by demonstrating that pertinent administrative remedies were "effectively unavailable." Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010). For instance, "a prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005).

Improper screening of an administrative appeal may also excuse an inmate from the exhaustion requirement. Sapp, 623 F.3d at 823. In order for this exception to apply, the inmate must establish, "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." Id. at 823-824. If a grievance is properly rejected, the inmate is not excused from the exhaustion requirement.

The undisputed evidence demonstrates that Plaintiff was not excused from complying with the PLRA's exhaustion requirement. Plaintiff pursued Appeal Log No. PVSP-C-11-00363 to the third level of review and received a final decision. (Morgan Decl., Ex. B.; Voong Decl. Ex. B.) There is no evidence that Plaintiff submitted or attempted to submit a subsequent appeal alleging Defendants Farkas, Fisher, and Trimble's alleged involvement in the RMAP. Accordingly, Plaintiff was not excused from exhausting the administrative remedies.

### III.
### RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants Farkas, Fisher, and Trimble's motion for summary judgment for Plaintiff's failure to exhaust the administrative remedies be GRANTED; and

2. This action shall proceed as to Defendants Giurbino and Myers.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 2, 2015**

UNITED STATES MAGISTRATE JUDGE