UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR SHABAZZ,<br><br>  Plaintiff,<br><br>  v.<br><br>GEORGE J. GIURBINO et al.,<br><br>  Defendants. | No. 1:11-cv-01558-DAD-SAB<br><br><u>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u><br><br><u>ORDER DENYING DEFENDANTS' FARKAS FISHER, AND TRIMBLE'S MOTION FOR SUMMARY JUDGMENT REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES</u><br><br>(Doc. Nos. 40, 50) |

Plaintiff Amir Shabazz is a state prisoner appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to the assigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This action is proceeding on plaintiff's first amended complaint against defendants George J. Giurbino (Director of the California Department of Corrections and Rehabilitation ("CDCR")), R. H. Trimble (Warden at Pleasant Valley State Prison ("PVSP")), R. Fisher, Jr. (Associate Warden at PVSP), W. K. Myers (Community Resource Manager), and B. Farkas (Correctional Food Manager) for violation of plaintiff's rights under the free exercise clause of the First Amendment,

1

the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act. (Doc. No. 12.)

Before the court is a motion for summary judgment brought on behalf of defendants Farkas, Fisher, and Trimble. (Doc. No. 40.) Specifically, the moving defendants seek summary judgment as to all of plaintiff's claims against them on the basis that plaintiff did not exhaust his available administrative remedies against them, as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), prior to bringing suit. On November 3, 2015, the assigned magistrate judge filed findings and recommendations which were served on the parties and which contained notice to the parties that objections to the findings and recommendations were to be filed within thirty days. (*See* Doc. No. 50.) In those findings and recommendations the magistrate judge recommended that defendants be granted summary judgment in their favor because plaintiff had not specifically named them in his inmate grievance as required by California regulations in effect at the time the grievance was filed. (Doc. No. 50 at 8-12.) No objections were filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the undersigned finds sections I and II.A–D of the findings and recommendations to be supported by the record. For the reasons set forth below, however, the undersigned declines to adopt sections II.E and III of the findings and recommendations and therefore will deny defendants' motion for summary judgment.

I.      EXHAUSTION UNDER THE PRISON LITIGATION REFORM ACT

The PLRA provides "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). However, in order to satisfy this exhaustion requirement, a prisoner is not required to name each of the individuals in his administrative inmate appeal that he later decides to name in his lawsuit. *Jones v. Bock*, 549 U.S. 199, 219 (2007) ("exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances."). Nor is a prisoner required to

2

allege every fact necessary to state or prove a legal claim in his administrative inmate appeal. *See Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). Rather, the primary purposes of an administrative appeal process are simply to notify the prison of a problem, to provide a fair opportunity for prison officials to correct their own errors, and to create an administrative record should a properly exhausted claim eventually be brought before a federal court. *Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006); *see also Jones*, 549 U.S. at 219 ("the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued") (quoting *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)).

In addition to these well-established principles regarding the application of the exhaustion requirement, the undersigned finds the Ninth Circuit's recent decision in *Reyes v. Smith*, 810 F.3d 654 (9th Cir. 2016) to be instructive. In *Reyes,* the prisoner plaintiff filed an inmate grievance complaining of changes to his pain medication regimen. *Id.* at 655-56. After exhausting his available remedies by proceeding through California's three-level inmate grievance appeal process, plaintiff filed a § 1983 action naming a number of prison officials as defendants, including two doctors not previously named in his inmate grievance. *Id.* at 656. The Ninth Circuit, reversing the district court's order dismissing plaintiff's claims against the two doctors, explained as follows:

> The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(a) requires an inmate not only to pursue every available step of the prison grievance process but also to adhere to the "critical procedural rules" of that process. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S. Ct. 2378, 165 L.Ed.2d 368 (2006). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007).
>
> The California prison grievance system has three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level. Cal. Code Regs. tit. 15, § 3084.1(b) (2011); *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010). It is uncontested that Reyes obtained a decision at all three levels. The issue is whether he nevertheless failed to exhaust administrative remedies because his grievance did not name all staff members involved in his case. *See* Cal. Code Regs. tit. 15, § 3084.2(a) (2015).

3

* * *

> When prison officials opt not to enforce a procedural rule but instead decide an inmate's grievance on the merits, the purposes of the PLRA exhaustion requirement have been fully served: prison officials have had a fair opportunity to correct any claimed deprivation and an administrative record supporting the prison's decision has been developed. Dismissing the inmate's claim for failure to exhaust under these circumstances does not advance the statutory goal of avoiding unnecessary interference in prison administration. Rather, it prevents the courts from considering a claim that has already been fully vetted within the prison system.

* * *

> [A] prisoner exhausts "such administrative remedies as are available," 42 U.S.C. § 1997e(a), under the PLRA despite failing to comply with a procedural rule if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process.

*Id.* at 657-58.

Because prison officials reviewed and decided plaintiff's inmate grievance at every level of the administrative process on the merits, the Ninth Circuit held in *Reyes* that the plaintiff had adequately exhausted all of his administrative remedies prior to bringing suit as required under the PLRA even though his inmate grievance did not name all prison staff members involved in his case. *Id.*

II.  ANALYSIS

The parties in this case do not dispute that through Inmate Appeal Log No. PVSP-C-11-00363, plaintiff complained that PVSP's Religious Meat Alternate Program ("RMAP") diet option for Muslim prisoners did not meet his religious dietary needs. Plaintiff further claimed that the diet offered to Muslim prisoners at PVSP was discriminatory compared to the RMAP option offered to Jewish prisoners. (Doc. Nos. 40 at 3; 40-3 ¶¶ 8–10, Ex. B; 41 at 1–3.) The parties agree that plaintiff pursued his inmate grievance in this regard through all three levels of review. (*See* Doc. Nos. 40-3 ¶ 9, Ex. B; 41 at 1–3, Ex. A.) His third-level appeal was denied, and the order specifically concluded: "This decision exhausts the administrative remedy available to the appellant within CDCR." (Doc. No. 40-3 ¶ 9, Ex. B.)

/////

Plaintiff's inmate grievance in this case clearly put the prison on notice of the substance of his complaint. Plaintiff alleged through the inmate grievance process — as he does here — that prison officials failed to provide a diet option that met his religious requirements and further discriminated against him based on his religious identity. Plaintiff's inmate grievance provided prison officials a fair opportunity to respond to his complaints. Finally, plaintiff pursued his inmate appeal through the highest level of administrative review.

As noted in the assigned magistrate judge's findings and recommendations, the failure to exhaust administrative remedies prior to filing suit in compliance with the PLRA is an affirmative defense which a defendant has the burden of raising and proving. *Jones*, 549 U.S. at 216; *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014); *Wyatt v. Terhune*, 315 F.3d 1109, 1117–19 (9th Cir. 2003). Under the Ninth Circuit's recent holding in *Reyes*, which is binding on this court, defendants Farkas, Fisher, and Trimble have not carried that burden in this instance and are not entitled to summary judgment in their favor on the affirmative defense of failure to exhaust administrative remedies prior to filing suit.

III.     CONCLUSION

For the reasons set forth above, the undersigned declines to adopt the assigned magistrate judge's findings and recommendations. Defendants' motion for summary judgment is DENIED.

IT IS SO ORDERED.

Dated:   **February 12, 2016**

UNITED STATES DISTRICT JUDGE