# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR SHABAZZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>G. GIURBINO, et al.,<br><br>　　　　　Defendants. | Case No. 1:11-cv-01558 DAD-SAB-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF NO. 59) |

　　　　Plaintiff Amir Shabazz is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On June 23, 2016, Plaintiff filed a motion for the appointment of counsel. (ECF No. 59.) Plaintiff has not previously sought the appointment of counsel. Plaintiff seeks the appointment of counsel should this case not be settled at the August 16, 2016, settlement conference.

　　　　Plaintiff is advised that there is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1    In the present case, the Court has considered Plaintiff's moving papers, but does not find
2 the required exceptional circumstances. <u>LaMere v. Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987);
3 <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).  Plaintiff is proceeding on claims of
4 religious discrimination in violation of the First and Fourteenth Amendment, and the Religious
5 Land Use and Institutionalized Persons Act. (RLUIPA).   Plaintiff seeks appointment of counsel
6 "based upon the nature of the case in which the Court has found to warrant a settlement
7 conference for the benefit of all parties." (ECF No. 59, p. 2.)   The Legal issues in this case are
8 not complex, and Plaintiff has thoroughly set forth his arguments in the first amended complaint
9 on which this action proceeds.  In forma pauperis status alone does not alone entitle Plaintiff to
10 appointed counsel.

11    While a pro se litigant may be setter served with the assistance of counsel, so long as a
12 pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the
13 relative complexity of the matter," the "exceptional circumstances" which might require the
14 appointment of counsel do not exist.  <u>Rand</u>, 113 F.3d at 1525 (finding no abuse of discretion
15 under 28 U.S.C. §1915(e) when district court denied appointment of counsel despite fact that pro
16 se prisoner "may well have fared better – particularly in the realm of discovery and the securing
17 of expert testimony.")  Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the
18 appointment of counsel is DENIED.

19
20 IT IS SO ORDERED.

21 Dated:   **June 27, 2016**  

                                          UNITED STATES MAGISTRATE JUDGE

2