1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AMIR SHABAZZ,                          No.: 1:11-cv-01558-DAD-SAB

12              Plaintiff,

13        v.                                 ORDER DENYING MOTION FOR
                                             RECONSIDERATION
14   GEORGE J. GIURBINO et al.,
                                             (Doc. No. 55)
15              Defendants.

16

17        Plaintiff Amir Shabazz is a state prisoner appearing *pro se* and *in forma pauperis* in this

18   civil rights action pursuant to 42 U.S.C. § 1983.  This action is currently proceeding on plaintiff's

19   first amended complaint ("FAC") against defendants George J. Giurbino, R. H. Trimble, R.

20   Fisher, Jr., W.K. Myers, and B. Farkas for violation of plaintiff's rights under the free exercise

21   clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and

22   the Religious Land Use and Institutionalized Persons Act ("RLUIPA").  (Doc. Nos. 12, 14.)

23        Before the court is a motion for reconsideration brought on behalf of all defendants.  (Doc.

24   No. 55.)  For the reasons set forth below, the court will deny the motion.

25                          **PROCEDURAL BACKGROUND**

26        Plaintiff filed the FAC on October 28, 2013, alleging that defendants served him

27   vegetarian meals instead of Halal meals and discriminated against him on the basis of his religion.

28   (Doc. No. 12.)  On May 23, 2014, defendants filed a motion to dismiss the FAC.  (Doc. No. 23.)

Among other things, defendants argued that the FAC failed to describe each defendant's personal involvement in the alleged violations and that defendants Farkas, Fisher, Myers, and Trimble cannot be held liable based on their participation in the inmate grievance process.  (Doc. No. 23-1 at 4–5, 7–9.)  On August 8, 2014, the assigned magistrate judge issued findings and recommendations, recommending in part that this court deny defendant's motion with respect to dismissal of defendants Farkas, Fisher, Myers, and Trimble.  (Doc. No. 31 at 11.)  Specifically, the magistrate judge found that each of the named defendants was personally involved in some capacity with respect to plaintiff's claims under the United States Constitution and the RLUIPA, and that plaintiff lacked a separate constitutional entitlement to a specific prison grievance procedure.  (*Id.* at 4–6.)  The magistrate judge further concluded:

> Based on the allegations in the complaint coupled with the notice provided by the administrative appeals, the Court finds, as stated in the prior screening order, that *Plaintiff has stated a cognizable claim against Defendants Farkas, Fisher, Myers, and Trimble for subjecting him to conditions in violation of . . . Plaintiff's rights under the free exercise clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act.*

(*Id.* at 7 (emphasis added).)  The court adopted these findings and recommendations in full. (Doc. No. 33.)

On April 6, 2015, defendants Trimble, Fisher, and Farkas moved for summary judgment arguing that plaintiff failed to exhaust his administrative remedies with respect to those three defendants.  (Doc. No. 40.)  The magistrate judge issued findings and recommendations, recommending that the court grant that motion because plaintiff had failed to specifically name the three defendants in his inmate grievance.  (Doc. No. 50 at 8–12.)  The magistrate judge also noted that "[t]his action is proceeding strictly on Plaintiff's claim that 'Defendants' enforced the RMAP which failed to provide Plaintiff a proper Halal meal and discriminated against [plaintiff] by failing to do so."  (*Id.* at 11.)

On February 12, 2016, the undersigned declined to adopt the findings and recommendations and denied the defendants' motion for summary judgment.  (Doc. No. 52 at 5.) Specifically, this court held that because plaintiff's inmate grievance put the prison on notice of

2

the substance of his complaint—i.e., that prison officials failed to provide a diet option that met his religious requirements and further discriminated against him based on his religious identity—and that prison officials rendered a decision on the merits of that grievance at every level of the administrative process, defendants had not established they entitled to summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies prior to filing suit.  (*Id.* at 4-5) (quoting and citing and *Reyes v. Smith*, 810 F.3d 654 (9th Cir. 2016)).

On February 26, 2016, defendants filed the instant motion seeking reconsideration of the court's February 12, 2016 order.  (Doc. No. 55.)  On March 30, 2016, plaintiff filed an opposition.  (Doc. No. 56.)  On April 7, 2016, defendants filed a reply.  (Doc. No. 57.)  On July 11, 2016, defendants filed supplemental briefing in support of their motion for reconsideration. (Doc. No. 61.)

**LEGAL STANDARD**

District courts "possess[] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."  *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F. 3d 882, 885 (9th Cir. 2001) (citations and internal quotation marks omitted).  A motion for reconsideration, however, "should not be granted . . . unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *389 Orange St. Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F. 3d 1255, 1263 (9th Cir. 1993)). Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F. 2d 364 n.5 (9th Cir. 1989) ("[T]he orderly administration of lengthy and complex litigation such as this requires the finality of orders be reasonably certain.").

**DISCUSSION**

In the instant motion, defendants argue that plaintiff's claims against defendants Farkas, Fisher, and Trimble relate only to their roles in the administrative grievance process.  (Doc. No. 55-1 at 1–2.)  Thus, because plaintiff failed to put the prison on notice of such claims, defendants

1    argue that summary judgment should have been granted in favor of defendants Farkas, Fisher,

2    and Trimble.  (*Id.* at 4–5.)  Defendants, however, mischaracterize plaintiff's claims at issue in this

3    case.  The court previously concluded that plaintiff lacks the right to claim an entitlement to a

4    specific grievance procedure.  However, the court also concluded that plaintiff had stated a

5    cognizable claim against defendants Farkas, Fisher, and Trimble with respect to plaintiff's

6    allegation that he had been denied access to an appropriate diet and discriminated against based

7    on his religious identity.  (Doc. No. 31 at 6–7.)  Thus, plaintiff's claim against these defendants

8    proceeded based on a theory that they were *directly* liable for violations of plaintiff's rights under

9    the free exercise clause of the First Amendment, the Equal Protection Clause of the Fourteenth

10   Amendment, and the RLUIPA.  (*Id.* at 7.)

11         On defendant's motion for summary judgment, the parties agreed that the only inmate

12   appeal relevant to this action is Inmate Appeal Log No. PVSP-C-11-00363.  (*See* Doc. Nos. 40 at

13   2, 4; 41 at 1–3.)  That inmate appeal concerned only plaintiff's complaint regarding prison

14   officials' failure to serve him Halal meals and discrimination against him on the basis of his

15   religion.   As noted above, and as defendants concede here, defendants moved for summary

16   judgment on the *sole basis* that plaintiff failed to exhaust his administrative remedies prior to

17   filing suit against defendants Farkas, Fisher, and Trimble.  (*See* Doc. No. 55-1 at 2.)  Defendants

18   Farkas, Fisher, and Trimble did not argue then that there was no dispute of material fact as to

19   their direct liability with respect to any of plaintiff's existing claims.  Finding that plaintiff put the

20   prison on notice as to the substance of his claims through the filing of his inmate grievance, this

21   court denied defendants' motion.  (Doc. No. 52.)[1]

22   _____

23   [1]  In supplemental briefing, defendants argue that the Supreme Court's recent decision in *Ross v. Blake*, 578 U.S. ___, 136 S. Ct. 1850 (2016), necessitates reversal of this court's denial of summary judgment.  (*See* Doc. No. 61.)  Defendants' argument is unavailing.  In *Ross*, the

24   Supreme Court held that a district court "may not excuse a failure to exhaust" by finding the presence of "special circumstances," because exhaustion is mandatory under the Prison Litigation

25   Reform Act of 1995 ("PLRA") unless remedies are unavailable.  136 S. Ct. at 1856–57.  As the Supreme Court explained, "adherence to the PLRA's text runs both ways: . . . .  We have thus

26   overturned judicial rulings that imposed extra-statutory limitations on a prisoner's capacity to

27   sue—reversing, for example, decisions that . . . permitted suit against only defendants named in the administrative grievance.  *Id.* at 1857 n.1 (citing *Jones v. Bock*, 549 U.S. 199, 203 (2007)).

28   Here, defendants mistakenly conflate the exceptions to exhaustion discussed in *Ross* with

4

1    The instant motion for reconsideration effectively asks this court to find and then dismiss
2  a claim against defendants Farkas, Fisher, and Trimble—relating to the processing of plaintiff's
3  inmate grievance—that the court never previously recognized.  Because no such claim is being
4  pursued by plaintiff in this action and because defendants never challenged the merits of
5  plaintiff's actual claims against them in their motion for summary judgment, defendants' motion
6  for reconsideration is denied.[2]

7  IT IS SO ORDERED.

8  Dated:   __July 28, 2016__                                    _____

9                                                                                    UNITED STATES DISTRICT JUDGE

---

procedural rules imposing additional requirements in the prison administrative appeals process.
*See , e.g.*, *Reyes v. Smith*, 810 F.3d 654, 658 (9th Cir. 2016) ("[A] prisoner exhausts 'such
administrative remedies as are available,' 42 U.S.C. § 1997e(a), under the PLRA despite failing
to comply with a procedural rule if prison officials ignore the procedural problem and render a
decision on the merits of the grievance at each available step of the administrative process.").

[2]  Defendants have failed to present any newly discovered evidence, an intervening change in the
controlling law, or evidence of clear error to warrant reconsideration of the court's order on
summary judgment.  *See 389 Orange St. Partners*, 179 F. 3d at 665.

5