UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR SHABAZZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GIURBINO, et al.,<br><br>　　　　　Defendants. | Case No.: 1:11-cv-01558-DAD-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND REQUEST FOR REASONABLE EXPENSES, BUT STAYING ENFORCEMENT OF FEE ASSESSMENT<br><br>[ECF No. 67] |

　　　Plaintiff Amir Shabazz is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Currently before the Court is Defendants' motion to compel and request for monetary sanctions, filed August 17, 2016. (ECF No. 67.) Plaintiff filed an opposition on September 2, 2016, and Defendants filed a reply on September 9, 2016. (ECF Nos. 69, 70.) The motion is therefore deemed submitted for review. Local Rule 230(*l*).

**I.**

**DISCUSSION**

　　　This action is proceeding on Plaintiff's First Amended Complaint against Defendants Giurbino (Director of California Department of Corrections and Rehabilitation (CDCR)), Trimble (Warden at Pleasant Valley State Prison (PVSP)), Fisher (Associate Warden at PVSP), Myers (Community Resource Manager), and Farkas (Correctional Food Manager) for violation of Plaintiff's rights under

1

the free exercise clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act.

### A. Defendants' Motion to Compel

Defendants Farkas, Fisher, and Trimble, move to compel responses to their timely interrogatories and requests for production and request the Court award $340 to Defendants for the costs incurred in bringing the instant motion.

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 37, Discovery and Scheduling Order, ¶4. However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why

the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.

Defense counsel, Martha Ehlenbach, declares that on June 30, 2016, her office propounded interrogatories and requests for production of documents on behalf of Defendants Farkas, Fisher, and Trimble. (Declaration of Marth Ehlenbach ("Ehlenbach Decl.") ¶ 2, ECF No. 67-2.) To date, counsel has not received responses to the document requests from Plaintiff, nor has she received the requested responses to the interrogatories. (Id. ¶ 3.)

In his opposition, Plaintiff contends that he timely responded to the discovery requests. (Opp'n at 1, ECF No. 69.) However, the discovery responses referenced by Plaintiff in his opposition relate to requests served by other Defendants, that are not the subject of the instant motion to compel. (Id. at 44-99.) Plaintiff therefore does not address or dispute that he did not respond to the requests served by Defendants Farkas, Fisher, and Trimble, and Plaintiff does not provide a valid reason for not serving responses to such discovery requests. Accordingly, Defendants' motion to compel must be GRANTED, and Plaintiff will be directed to respond to the Defendants Farkas, Fisher and Trimble's interrogatories and requests for production of documents, without objection. Fed. R. Civ. P. 37(a); Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992).

**B.     Plaintiff's Request for Sanctions**

Plaintiff seeks the imposition of sanctions against Defendants in the amount of $600.00. See Fed. R. Civ. P. 37(b)(2).

"Sanctions may be warranted under Federal Rule of Civil Procedure 37(b)(2) for failure to obey a discovery order as long as the established issue bears a reasonable relationship to the subject of discovery that was frustrated by sanctionable conduct." Navellier v. Sletten, 262 F.3d 923, 947 (9th Cir. 2001). Under Rule 37(b)(2), subsections (A) through (C), sanctions are "appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.'" Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002).

As an initial matter, Plaintiff is proceeding pro se in this action and has therefore not incurred attorney's fees. Plaintiff's claim that Defendants should be sanctions because he had to file a response to the instant motion to compel, is without merit. As explained above, Defendants Fisher, Farkas, and

1  Trimble have demonstrated that their motion to compel should be granted because Plaintiff has failed
2  to fulfill his discovery obligations in responding to their discovery requests.  Accordingly, there is
3  simply no justification to impose sanctions against Defendants, and Plaintiff's motion must be denied.

### C. Defendants' Request for Reasonable Expenses Incurred

Defendants seek reasonable expenses incurred in bringing the instant motion to compel.

If a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). Plaintiff's pro se status does not insulate him from sanctions for failure to respond to discovery. See Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) (a court cannot decline to impose sanctions simply because a plaintiff is proceeding pro se); Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D. Cal. 2014) (pro se status "does not excuse intentional noncompliance with discovery rules.").

Defense counsel declares that she spent two hours performing research and drafting the instant motion to compel. (Ehlenbach Decl. ¶ 4.)  The Attorney General bills counsel's time at an hourly rate of $170. (Id., Ex. B.)  Defendants have therefore incurred $340 in attorneys' fees.

Given Plaintiff's complete lack of response to Defendants' timely served discovery request, the Court finds that reasonable expenses of attorneys' fees in the amount of $340 should be assessed against Plaintiff.  However, given that Plaintiff is proceeding in forma pauperis in this action and the Ninth Circuit has held that it is an abuse of discretion to order a sanction which cannot be performed, the Court will stay enforcement of the fee assessment. Thomas v. Gerber Prod., 703 F.2d 353, 357 (9th Cir. 1983).

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to compel is GRANTED;
2. Plaintiff shall respond to Defendants Farkas, Fisher and Trimble's interrogatories and requests for production of documents, without objection, no later than **October 17, 2016**;

3. Plaintiff's request for imposition of sanctions against Defendants is DENIED;

4. Defendants' request for attorneys' fees in the amount of $340 is GRANTED; and

5. The order assessing reasonable expenses in the amount of $340 is stayed;

IT IS SO ORDERED.

Dated:   **September 16, 2016**

UNITED STATES MAGISTRATE JUDGE